**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HILARIO CAMPOS,** *individually and as parent and guardian of minor children Maria Campos, Eve Campos, and Angel Campos and as next of kin of Christopher Campos (deceased), and Hilario David Campos, Jr.*,

        **Plaintiff,**

     v.           9:07-CV-1263
                   (FJS/RFT)

**EVELYN WEISSMAN, M.D.; L. TICHENOR, P.A.;**
**COMMISSIONER GLENN S. GOORD;**
**LESTER N. WRIGHT, M.D.; SUPERINTENDENT**
**ROY GIRDICH; and JANE DOE NOS. 1-6,**

        **Defendants.**
_____

**APPEARANCES**          **OF COUNSEL**

**HILARIO CAMPOS**
Camden, New Jersey 08105
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**     **CHRISTOPHER W. HALL, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

### ORDER

  Currently before the Court are Magistrate Judge Randolph F. Treece's September 10, 2009 Report and Recommendation and Plaintiff's objections thereto. *See* Dkt. Nos. 28, 30. Defendants also filed a memorandum of law in response to Plaintiff's objections. *See* Dkt. No. 31.

Plaintiff, through his attorney,[1] filed a complaint pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages for Defendants' alleged deliberate indifference to the medical needs of Christopher Campos ("Christopher"), a deceased New York State prison inmate. *See* Dkt. No. 8 at 1. Plaintiff alleged that Defendants' negligent medical treatment of Christopher caused him serious injury, resulting in his death. *See id.* Plaintiff also claimed that Defendants deprived him of his constitutionally-protected interest in his association and relationship with Christopher in violation of the First and Fourteenth Amendments to the United States Constitution. *See id.* at 2. Plaintiff further asserted that Defendants' actions violated Christopher's rights in violation of the Eighth and Fourteenth Amendments to the United States Constitution, in that they inflicted injury and needless pain and suffering on him. *See id.* at 1.

On November 13, 2008, Defendants moved for judgment on the pleadings, arguing that 42 U.S.C. § 1983 did not allow for derivative claims such as those that Plaintiff asserted and that the statute of limitations barred Plaintiff's claims. *See* Dkt. No. 21.

In a Report and Recommendation dated September 10, 2009, Magistrate Judge Treece recommended that this Court grant Defendants' motion for judgment on the pleadings and, in addition, dismiss Plaintiff's claims against the six unidentified, unserved Jane Doe Defendants. *See* Dkt. No. 28 at 18-19. Plaintiff objected to Magistrate Judge Treece's recommendation that this Court grant Defendants' motion for judgment on the pleadings. *See* Dkt. No. 30.

Section 636 of Title 28 of the United States Code provides that "[a] judge of the court may

---

[1] Craig J.J. Snyder originally represented Plaintiff. However, on January 22, 2010, Mr. Snyder filed a motion to withdraw as counsel because the New York Supreme Court Appellate Division had suspended him from the practice of law. *See* Dkt. No. 34-2, Certification of Craig J.J. Snyder dated January 21, 2010, at *3. The Court granted that motion. *See* Dkt. No. 35. Plaintiff is now *pro se*.

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). When reviewing a magistrate judge's recommendations, a district court judge "make[s] a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." *Id*. """If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). The district court also reviews for clear error those portions of a report-recommendation to which a party does not object. *See Lawton v. Astrue*, No. 7:10-CV-256, 2010 WL 4810604, *1 (N.D.N.Y. Nov. 18, 2010) (citation omitted).

The Court has thoroughly reviewed Plaintiff's objections and finds them unpersuasive. Regarding Plaintiff's First and Fourteenth Amendment claims (claims one, two, and three), the Court agrees with Magistrate Judge Treece's finding that, to pursue a claim of interference with a familial relationship with an adult relative, a plaintiff must allege that the defendant or defendants acted with intent to interfere. *See* Dkt. No. 28 at 13-18. The Court also agrees with Magistrate Judge Treece's reasoning that, because the Second Circuit has not definitively ruled on this issue, it is appropriate to follow the guidance of the other circuits and the district courts within the Second Circuit. *See id*. at 13-16. In this case, only the Ninth Circuit clearly disfavors an intent requirement,[2] while five circuits[3] require a showing of intent, and three circuits[4] do not recognize

---

[2] *See, e.g., Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991) (citations omitted); *see Rentz v. Spokane Cnty.*, 438 F. Supp. 2d 1252, 1263-65 (E.D. Wash. 2006) (tracing
(continued...)

that the familial relationship with an adult relative is even constitutionally protected. District courts in New York appear to have taken their cues from those circuit courts that have required a showing of intent.[5] Accordingly, since Plaintiff did not allege that Defendants intended to interfere with a familial relationship, the Court finds that he may not maintain claims one, two, and three.

---

[2](...continued)
the genesis and progression of the Ninth Circuit's view on this issue).

[3] *See Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 585 (8th Cir. 2006) (holding that "'[a] defendant can be held liable for violating a right of intimate association only if the plaintiff shows an intent to interfere with the relationship'" (quotation omitted)); *Russ v. Watts*, 414 F.3d 783, 791 (7th Cir. 2005) (overruling *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984), "insofar as it recognized a constitutional right to recover for the loss of the companionship of an adult child when that relationship is terminated as an incidental result of state action"); *Shaw v. Stroud*, 13 F.3d 791, 805 (4th Cir. 1994) (finding that, "because the Supreme Court has never extended the constitutionally protected liberty interest incorporated by the Fourteenth Amendment due process clause to encompass deprivations resulting from governmental actions affecting the family only incidentally, we decline to sanction such a claim at the present time"); *Valdivieso Ortiz v. Burgos*, 807 F.2d 6, 9 (1st Cir. 1986) (declining to acknowledge a liberty interest where the governmental action was not "directly aimed at the relationship between a parent and a young child[,]" as opposed to "an incidental deprivation of [a] relationship [with an] adult relative" (citations omitted)); *Trujillo v. Bd. of Cnty. Comm'rs of Santa Fe Cnty.*, 768 F.2d 1186, 1190 (10th Cir. 1985) (holding that "an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983")

[4] *See McCurdy v. Dodd*, 352 F.3d 820, 822 (3d Cir. 2003) (holding that "the Due Process Clause does not protect the interest of a parent in the companionship of his or her independent adult child"); *Butera v. Dist. of Columbia*, 235 F.3d 637, 656 (D.C. Cir. 2001) (holding that "a parent does not have a constitutionally-protected liberty interest in the companionship of a child who is past minority and independent"); *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (noting that a "section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort"; and, therefore, "no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members" (citations omitted)).

[5] *See, e.g., Laureano v. Goord*, No. 06 Civ. 7845, 2007 WL 2826649, *10-*12 (S.D.N.Y. Aug. 31, 2007) (citations omitted); *Busch v. City of N.Y.*, No. 00 CV 5211, 2003 WL 22171896, *5 (E.D.N.Y. Sept. 11, 2003); *Pizzuto v. Cnty. of Nassau*, 240 F. Supp. 2d 203, 212 (E.D.N.Y. 2002).

Regarding Plaintiff's Eighth and Fourteenth Amendment claims (claims four, five, and six), the Court agrees with Magistrate Judge Treece's finding that Plaintiff lacks standing to bring these claims on behalf of Christopher. *See* Dkt. No. 28 at 10. The Federal Rules of Civil Procedure provide that a party must bring an action in the name of the real party in interest, including an administrator or guardian. *See* Fed. R. Civ. P. 17(a)(1). The law of the forum state governs the determination of legal capacity to sue, s*ee* Fed. R. Civ. P. 17(b); and, in New York, only a decedent's personal representative may pursue a § 1983 action on his behalf. *See Johnson v. Morgenthau*, 160 F.3d 897, 898 (2d Cir. 1998) (per curiam) (citation omitted). Moreover, New York's Estates, Powers and Trusts Law defines a personal representative as "a person who has received letters to administer the estate of a decedent." N.Y. Est. Powers & Trusts Law § 1-2.13. Since Plaintiff has not received letters of administration, *see* Dkt. No. 27, the Court finds that he lacks the legal capacity to pursue a § 1983 claim on Christopher's behalf. [6]

Finally, since Plaintiff did not object to Magistrate Judge Treece's recommendation to dismiss Plaintiff's claims against the six unserved, unnamed Jane Doe Defendants, the Court reviewed this recommendation for clear error. Determining that Magistrate Judge Treece did not commit a clear error, the Court dismisses Plaintiff's claims against the Jane Doe Defendants.

Accordingly, for the above-stated reasons, the Court hereby

---

[6] Plaintiff's objection to this finding merely poses a hypothetical scenario, claiming that, *if* the letters of administration are ever issued, he will then have standing to sue. To support this objection, Plaintiff relies on *Flores v. Cameron Cnty., Tex*, 92 F.3d 258 (5th Cir. 1996), in which a mother, whose fourteen-year-old son was killed by a juvenile detention center guard, was able to sue under § 1983, despite the fact that she was not the administrator of his estate at the time she filed her complaint. However, in that case, the plaintiff was eventually appointed administrator of the estate; and the district court granted her permission to amend her pleadings to reflect this status. Here, Plaintiff has not been appointed administrator of Christopher Campos's estate.

**ORDERS** that Magistrate Judge Treece's September 10, 2009 Report and Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that the six unidentified, unserved Jane Doe Defendants are dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and L.R. 4.1(b); and the Court further

**ORDERS** that Defendants' motion for judgment on the pleadings is **GRANTED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED**

Dated: March 29, 2011
　　　　Syracuse, New York

　　　　　　　　　　　　　　　　　　　　　　　Frederick J. Scullin, Jr.
　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Court Judge